**THE SUPREME COURT, STATE OF WYOMING**

**2023 WY 71**

**APRIL TERM, A.D. 2023**

**July 18, 2023**

STEVEN JOHNSON; NOBLE K
INVESTMENTS, LLC;
PARTNER2SUCCEED, INC.; and BEST
VALUE RENTALS, LLC.,

Appellants
(Plaintiffs),

v.

**S-22-0243**

DANIELLE M. MATHEY and MATHEY
LAW OFFICE, P.C.,

Appellees
(Defendants).

*Appeal from the District Court of Sweetwater County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellants:*
    *Michael Hawkins O'Brien, St. Peter Law Offices, P.C., Missoula, Montana.*

*Representing Appellee Danielle M. Mathey:*
    *Alaina M. Stedillie, Crowley Fleck PLLP, Casper, Wyoming.*

*Representing Appellee Mathey Law Office, P.C.:*
    *Anna M. Reeves Olson, Long Reimer Winegar, LLP, Casper, Wyoming.*



*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Steven Johnson and his legal entities (Appellants) appeal from the district court's grant of summary judgment on his legal malpractice claims against Danielle M. Mathey and Mathey Law Office, P.C. (Appellees).  The district court found Appellees were entitled to judgment as a matter of law because Appellants failed to demonstrate, through expert testimony or other competent evidence, Ms. Mathey's conduct violated a standard of care or proximately caused Appellants any damage.  We affirm.

## ISSUES

[¶2]    The issues on appeal are:

> I.      Were Appellees entitled to judgment as a matter of law when Appellants failed to present expert testimony or other competent evidence establishing Ms. Mathey proximately caused Appellants' damages by failing to file a lawsuit against the City of Rock Springs?
>
> II.     Were Appellees entitled to judgment as a matter of law when Appellants failed to present expert testimony or other competent evidence establishing Ms. Mathey violated her standard of care and proximately caused damages in her representation of Mr. Johnson against Factory Homes Outlet?

## FACTS

[¶3]    Steven Johnson owns and operates Noble K. Investments, LLC; Best Value Rentals, LLC; Real N Vest, Inc.; and Partner2Succeed, Inc.  These entities are used by Mr. Johnson to handle his business and employment affairs.  In 2017, Mr. Johnson retained Ms. Mathey to represent him and his entities in various matters, including (1) litigation against the City of Rock Springs, and (2) litigation against Factory Homes Outlet.

**City of Rock Springs Matter**

[¶4]    In July 2015, the City of Rock Springs experienced heavy rainfall, and one of Noble K. Investments' storage facilities flooded with sewer water.  The flooding damaged some of Noble K Investments' tools and equipment.  Mr. Johnson used another one of his companies, Real N Vest, Inc., to remediate the damage from the flooding.  Real N Vest submitted an invoice in the amount of $5,031.81 to Noble K. Investments for the cost of the remediation.

[¶5]    Mr. Johnson personally believed the cause of the flood was due to the City's lift pumps shutting down.  He sent a demand letter to the City seeking reimbursement for the damage in the amount of $7,145.66 ($5,031.81 for the remediation owed to Real N Vest and $2,113.85 for the cost to replace the damaged tools).  The City's insurance company denied Mr. Johnson's claim and contended the flood was the result of a natural disaster.  Mr. Johnson retained Ms. Mathey.  She agreed to seek recovery of the damages from the City on Mr. Johnson's and Noble K. Investments' behalf.

[¶6]    Ms. Mathey billed Mr. Johnson and Noble K. Investments for conversations with the City Attorney on June 7, 2017, November 15, 2018, and November 29, 2018.  Ms. Mathey informed Mr. Johnson the City denied liability, so she agreed to file a lawsuit against the City on behalf of Mr. Johnson and his entity.  Ms. Mathey never filed the lawsuit.

[¶7]    In July 2019, Mr. Johnson requested copies of all documents and filings related to the lawsuit against the City.  When Ms. Mathey did not respond, Mr. Johnson sent her a certified letter stating:

> [I]t has been a long time [since] I received any update from you on the case we filed against the City of Rock Springs for flooding my shop with raw sewage back in 2016.  I know when we spoke in March nothing had changed since the complaint was sent to the judge to sign off on a Summary [Judgment], which was over 2 years ago if I recall correctly.  I never received copies of any documents, filings, pleadings, etc[.] on this case.  Please prepare copies of all filings and pleadings along with a summary of what has been done to date and current status of the case and forward them to me.

One month later, Ms. Mathey responded and indicated a default judgment was entered in favor of Mr. Johnson for $400.00 more than the initial demand.  Ms. Mathey stated:

> The good news is that, what with judicial retirements, orders are getting signed.  We finally got your judgment for Rock Springs yesterday.  You get the $7,545.66 that we claimed, but it's a tort and a governmental entity, so only post-judgment interest.  I should get the check from [the City's insurance company] by the end of the month.  I'm not complaining.  If they had actually opposed the complaint, you would have had more legal fees plus they would have whittled down those damages.

[¶8]    Ms. Mathey informed Mr. Johnson the City's insurance company paid promptly and

2

stated: "Given [the insurance company's] silence and the existence of a default, I suspect they never told Rock Springs that suit was filed. Better to quietly pay and make it go away after that kind of error." Ms. Mathey's statements that she obtained a default judgment against the City and their insurance company made payment were dishonest and deceitful. Ms. Mathey admittedly never filed the lawsuit and instead she fabricated a default judgment against the City and forged a judge's signature to the fictitious document. Ms. Mathey did pay Mr. Johnson and his entities $7,545.66, but the funds were from attorney fees relating to a settlement Mr. Johnson and his co-plaintiff received in the litigation against Factory Homes Outlet.

**Factory Homes Outlet Litigation**

[¶9]  Beginning in October 2010, Mr. Johnson worked as a sales associate for Factory Homes Outlet, a company from Idaho that constructs modular/manufactured homes. Mr. Johnson billed Factory Homes Outlet for his work through his company Partner2Succeed, Inc. Factory Homes Outlet paid Mr. Johnson a sales commission based on his sales of modular/manufactured homes. After a year of working for Factory Homes Outlet, Mr. Johnson discovered Factory Homes Outlet might be shorting him on his sales commissions. However, Mr. Johnson is unable to attest to the amount he believes Factory Homes Outlet owes him.

[¶10] Mr. Johnson and a co-plaintiff retained Ms. Mathey in August 2017 to file a complaint against Factory Homes Outlet for unpaid sales commissions. Ms. Mathey was admitted pro hac vice in Idaho and worked with an Idaho attorney on the lawsuit. During the litigation, Mr. Johnson informed Ms. Mathey that a co-worker agreed to sign an affidavit attesting Factory Homes Outlet kept a collection of records in an offsite storage facility. Ms. Mathey drafted an affidavit for the co-worker to sign based on a conversation she had with him. The draft affidavit alleged the co-worker "once heard one of the owners of the Factory Homes companies say they kept offsite storage for other records[,]" but the co-worker was unable to provide any information about the records.

[¶11] By the time Ms. Mathey and Mr. Johnson were preparing to attend mediation, the co-worker still had not signed and returned the affidavit. The co-worker informed Mr. Johnson he could not sign the affidavit prior to mediation because he had an unexpected death in the family and was in "no position to get [the affidavit] to Mr. Johnson." Mr. Johnson and Ms. Mathey attended the mediation without the affidavit and settled the matter for $47,500.00. The settlement proceeds were deposited in Ms. Mathey's trust account on June 17, 2019.

[¶12] Mr. Johnson and his co-plaintiff made multiple inquiries to Ms. Mathey asking when they would receive their settlement funds. Ms. Mathey did not return their phone calls and emails. Three months later, Mr. Johnson told Ms. Mathey he was going to notify the Wyoming State Bar Office of Bar Counsel if the settlement checks were not received

the following week. Ms. Mathey responded that she previously issued checks distributing the funds but was canceling those checks and issuing new ones. Again, Ms. Mathey's statements were dishonest and deceitful. Ms. Mathey had never issued or voided checks which distributed the settlement funds prior to her response to Mr. Johnson or his co-plaintiff. However, the same day as her response, Ms. Mathey issued two checks distributing the settlement funds to Mr. Johnson and his co-plaintiff in the total amount of $33,782.93.

[¶13] While Ms. Mathey issued $33,782.93 of the gross settlement amount ($47,500.00), she retained $13,717.07 from the gross settlement for her attorney fees. Ms. Mathey's final invoice contained 18 months of time entries and stated the balance remaining in the trust account after payment of Ms. Mathey's attorney fees was the amount distributed to Mr. Johnson and his co-plaintiff, $33,782.93. After deducting her attorney fees from the settlement, Ms. Mathey issued a third check to Mr. Johnson in the amount of $7,545.66. Ms. Mathey represented to Mr. Johnson the $7,545.66 was from the City of Rocks Springs' insurance company for payment of the default judgment. Ms. Mathey retained the remaining $6,171.41 of the $13,717.07 as payment for her attorney fees in the Factory Homes Outlet litigation.

**Wyoming State Bar Disciplinary Proceedings**

[¶14] Mr. Johnson filed a complaint with the Wyoming State Bar regarding Ms. Mathey's representation of him in various matters, including the City of Rock Springs matter and the Factory Homes Outlet litigation. The Wyoming State Bar and Ms. Mathey entered into a stipulation agreeing to a sanction of disbarment for her acts and omissions in her representation of Mr. Johnson and his entities. The Board of Professional Responsibility (BPR) filed its Report and Recommendation for Disbarment with this Court on February 9, 2021.[1] This Court entered its Order of Disbarment, disbarring Ms. Mathey from the practice of law in Wyoming, effective immediately.

[¶15] As part of our order, we approved, confirmed, and adopted the BPR's report and recommendation. Our order included findings of misconduct by Ms. Mathey for her acts and omissions in the matter against the City of Rock Springs and the litigation against Factory Homes Outlet. Regarding the City of Rock Springs matter, we found Ms. Mathey violated: (1) Wyoming Rules of Professional Conduct for Attorneys at Law (Rule or Rules) 1.3 and 3.2 by failing to file the lawsuit against the City; (2) Rule 1.4 by affirmatively misleading Mr. Johnson into believing Ms. Mathey filed the lawsuit and obtained a default judgment, and by failing to provide documents when requested by Mr. Johnson; (3) Rule 8.4(b) by fabricating a default judgment; (4) Rule 8.4(c) by repeatedly lying to Mr. Johnson about the status of his case and by fabricating the default judgment; and (5) Rule 8.4(d) by falsifying a default judgment and falsely blaming the court system for the delay in

---

[1] *Board of Professional Responsibility, Wyoming State Bar v. Mathey*, D-21-0001 (order of disbarment).

4

litigation. Regarding the Factory Homes Outlet litigation, we found Ms. Mathey violated: (1) Rule 1.4 by lying to Mr. Johnson and his co-plaintiff about the status of their settlement funds; and (2) Rule 8.4(c) by falsely stating to Mr. Johnson and his co-plaintiff the settlement checks had been issued. We made no findings as to whether Ms. Mathey was entitled to the $13,717.07 for attorneys' fees in the Factory Homes Outlet litigation.

**Current Proceedings**

[¶16] On April 12, 2021, Appellants filed a complaint against Appellees alleging Ms. Mathey committed legal malpractice by failing to file the lawsuit against the City of Rock Springs. Appellants further alleged Ms. Mathey committed legal malpractice by misappropriating the settlement funds from the Factory Homes Outlet litigation and by failing to obtain the signed affidavit from Mr. Johnson's co-worker.

[¶17] The district court issued its scheduling order requiring Appellants to designate expert witnesses by February 1, 2022, and Appellees to designate their expert witnesses by March 1, 2022. Appellants never designated an expert witness. Appellees timely designated Sage Hilstad, a shareholder and managing partner of Mathey Law Office, and Ms. Mathey as their expert witnesses. Appellees filed for summary judgment with supporting affidavits and evidence claiming they were entitled to judgment as a matter of law because Appellants had not designated an expert witness or presented any competent evidence establishing the legal elements of their legal malpractice claim. Appellants argued expert testimony was not necessary because the BPR found Ms. Mathey violated several Rules through her acts and omissions in the City of Rock Springs matter and in the Factory Homes Outlet litigation. The district court granted summary judgment in favor of Appellees finding Appellants failed to establish through expert testimony or other competent evidence a genuine issue of material fact on the elements of their legal malpractice claims. Appellants timely appealed.

## STANDARD OF REVIEW

[¶18] "We review a district court's order granting summary judgment *de novo* and afford no deference to the district court's ruling." *Scranton v. Woodhouse*, 2020 WY 63, ¶ 22, 463 P.3d 785, 790 (Wyo. 2020) (quoting *Estate of Weeks by and through Rehm v. Weeks-Rohner*, 2018 WY 112, ¶ 15, 427 P.3d 729, 734 (Wyo. 2018)). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at ¶ 23, 463 P.3d at 790 (quoting W.R.C.P 56(a)). When reviewing an order granting summary judgment, "[t]his Court must use the same materials and follow the same legal standards as the district court." *Id.* (citing *Tozzi v. Moffett*, 2018 WY 133, ¶ 11, 430 P.3d 754, 759 (Wyo. 2018)). We view the record "from the vantage point most favorable to the party opposing the motion [for summary judgment], and we give [that] party . . . the benefit of all favorable inferences that may fairly be drawn from the record." *Id.* at ¶ 22, 463 P.3d at 790 (quoting *Estate of Weeks*,

¶ 15, 427 P.3d at 734). "A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties." *Id.* (quoting *Estate of Weeks*, ¶ 15, 427 P.3d at 734).

[¶19] "The party requesting a summary judgment bears the initial burden of establishing a *prima facie* case for summary judgment." *Matter of Phyllis V. McDill Revocable Tr.*, 2022 WY 40, ¶ 18, 506 P.3d 753, 760 (Wyo. 2022) (quoting *Gowdy v. Cook*, 2020 WY 3, ¶ 22, 455 P.3d 1201, 1207 (Wyo. 2020)). "When the moving party does not have the ultimate burden of persuasion, it establishes a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim." *Statzer v. Statzer*, 2022 WY 117, ¶ 11, 517 P.3d 574, 579 (Wyo. 2022) (quoting *Spence v. Sloan*, 2022 WY 96, ¶ 23, 515 P.3d 572, 579 (Wyo. 2022)). "Once the movant meets the initial burden, the opposing party must establish 'a genuine issue of material fact exists' to defeat the motion." *Scranton*, 2020 WY 63, ¶ 23, 463 P.3d at 790 (citing *Halling v. Yovanovich*, 2017 WY 28, ¶ 21, 391 P.3d 611, 619 (Wyo. 2017)). "When deciding if a genuine issue of material fact exists, we must keep in mind 'the actual quantum and quality of proof necessary to support liability.'" *Id.* (quoting *Lee v. LPP Mortg. Ltd.*, 2003 WY 92, ¶ 12, 74 P.3d 152, 158 (Wyo. 2003)). "The party opposing the motion must present specific facts; relying on conclusory statements or mere opinion will not satisfy that burden, nor will relying solely upon allegations and pleadings." *Varela v. Goshen Cnty. Fairgrounds*, 2020 WY 124, ¶ 11, 472 P.3d 1047, 1052 (Wyo. 2020) (quoting *Kaufman v. Rural Health Dev., Inc.*, 2019 WY 62, ¶ 14, 442 P.3d 303, 307–08 (Wyo. 2019)). "No genuine issue exists if the evidence presented . . . 'is of insufficient caliber or quantity to allow a rational finder of fact' to find for the nonmoving party applying the applicable quantum of proof." *Scranton*, ¶ 23, 463 P.3d at 791 (quoting *Lee*, ¶ 12, 74 P.3d at 158).

## DISCUSSION

[¶20] The district court granted summary judgment in favor of Appellees. It found Appellants "completely failed to carry their burden and have presented no evidence that even alleges [Appellees'] conduct . . . cause[d] . . . [Appellants'] claimed damages." It further found Appellants "have not provided expert testimony to demonstrate [Appellees'] conduct did not meet the required standards of care for all their claims." Appellants contend the district court erred and expert testimony is not required to meet the elements of their cause of action because the common-sense exception applies.

[¶21] To prevail on their legal malpractice claim, Appellants must prove: "(1) the accepted standard of care in the legal profession; (2) the attorney's conduct departed from that standard; and (3) the attorney's conduct was the legal cause of the plaintiff's injuries." *Scranton*, 2020 WY 63, ¶ 25, 463 P.3d at 791 (quoting *Tozzi*, 2018 WY 133, ¶ 36, 430 P.3d at 764). In a legal malpractice claim, expert testimony is necessary to demonstrate the standard of care and causation elements. *Id.*; *Tozzi*, ¶ 36 n.1, 430 P.3d at 764 n.1. "Expert testimony is necessary because most lay people are not competent to pass judgment on

6

legal questions." *Scranton*, ¶ 25, 463 P.3d at 791 (quoting *Tozzi*, ¶ 36, 430 P.3d at 764). "We have recognized that expert testimony may not be necessary only 'when a lay person's common sense and experience are sufficient to establish the standard of care.'" *Id.* (quoting *Tozzi*, ¶ 36, 430 P.3d at 764).

## I.     *City of Rock Springs Matter*

[¶22]  This Court approved, confirmed, and adopted the BPR's finding that Ms. Mathey violated Rule 1.3 by failing to file the lawsuit against the City of Rock Springs for property damage allegedly caused by a city sewer backup.  This Court further approved, confirmed, and adopted the BPR's finding Ms. Mathey violated Rules 8.4(b), (c) and (d) by fabricating a default judgment and blaming the court for the delay when the delay was in fact caused by Ms. Mathey's failure to file the lawsuit.  Appellees concede Ms. Mathey's conduct in the City of Rock Springs matter departed from the accepted standard of care in the legal profession.  While Appellees concede an expert is not necessary to establish the first two elements of Appellants' legal malpractice claim, they contend Appellants' failure to designate an expert witness establishing Ms. Mathey's conduct proximately caused Appellants any damage mandated dismissal.  We agree.

[¶23]  "[A] plaintiff in a legal malpractice action must prove that the breach of the standard of care was both the cause in fact and the proximate cause of the injury." *Rivers v. Moore, Myers & Garland, LLC*, 2010 WY 102, ¶ 13, 236 P.3d 284, 291 (Wyo. 2010) (citing *Meyer v. Mulligan*, 889 P.2d 509, 516 (Wyo. 1995)).  Generally, "expert testimony is necessary to demonstrate the causation element" of a legal malpractice claim. *Scranton*, 2020 WY 63, ¶ 25, 463 P.3d at 791.  Expert testimony is necessary because "[t]o prevail . . . the '[plaintiff] must employ another attorney to prove the underlying action would have been successful'" but for the attorney's misconduct. *Id.* (quoting *Horn v. Wooster*, 2007 WY 120, ¶ 9, 165 P.3d 69, 72 (Wyo. 2007)); *see also* 4A Stuart M. Speiser et al., *American Law of Torts* § 15:87 (March 2023 Update) ("The malpractice plaintiff who alleges that the negligence of the attorney has caused the loss of a cause of action . . . can succeed in the suit against the attorney only by proving that the action . . . would have been successful but for the attorney's misconduct.").

[¶24]  Appellees designated Sage Hilstad and Ms. Mathey as expert witnesses.  Ms. Hilstad and Ms. Mathey attested in affidavits to a reasonable degree of certainty that Appellants would be unable to establish Ms. Mathey's failure to file suit against the City caused Appellants any damage.  Ms. Hilstad opined "[t]here is a dispute about the cause of the flood and whether the City failed to maintain its infrastructure."  Mr. Johnson claimed the sewer backup occurred when "[t]here was a heavy rainfall [and] the runoff from the streets had overwhelmed the sewer system, and the [City's lift] pump[s] shut down[,]" causing raw sewage to back up into his shop.

7

[¶25] The Wyoming Governmental Claims Act "bars any claim against [a city] or its employees unless [the claim] falls within one of the statutory exceptions" under the Act. *Cornella v. City of Lander*, 2022 WY 9, ¶ 17, 502 P.3d 381, 385 (Wyo. 2022); Wyo. Stat. Ann. § 1-39-103(a)(i), (ii) (LexisNexis 2021); Wyo. Stat. Ann. § 1-39-104 (LexisNexis 2021). The statutory exception found under Wyoming Statute § 1-39-108 applies to public utilities and services involving solid or liquid waste collection or disposal, and it waives immunity for a city's negligence in keeping the public utility operable or functional. *City of Torrington v. Cottier*, 2006 WY 145, ¶ 14, 145 P.3d 1274, 1280 (Wyo. 2006). However, we have found the statutory exception under Wyoming Statute "§ 1-39-108 does not extend to systems intended to remove storm or runoff water[.]" *DiFelici v. City of Lander*, 2013 WY 141, ¶ 32, 312 P.3d 816, 824 (Wyo. 2013). The City's insurance company investigated the sewer backup and determined it was the result of a natural disaster. The City therefore denied liability for any claim by Mr. Johnson. Mr. Johnson presented no evidence or expert opinion that his claim against the City fell within the exception to governmental immunity found under Wyoming Statute § 1-39-108, and his claim against the City would have been successful but for Ms. Mathey's misconduct in failing to file the suit.

[¶26] Under our case law, a legal malpractice claim fails as a matter of law if the plaintiff presents no evidence establishing the loss suffered was in fact caused by the lawyer's alleged malpractice. In *Rivers v. Moore, Myers & Garland, LLC*, the claimant brought a legal malpractice claim against a law firm arguing if the firm had fulfilled its duty by adequately representing the claimant, without delay, the claimant would have been able to build his desired 10,000 square foot building on a lot he purchased. 2010 WY 102, ¶ 14, 236 P.3d at 291. The claimant's own expert witness opined the restrictive covenants limited the size of the building he could construct on the purchased lot. *Id.* at ¶ 15, 236 P.3d at 291. Without setting forth any evidentiary support, the claimant's expert witness opined the economic loss the claimant presumably suffered from only being allowed to build a 5,000-square-foot building versus a 10,000-square-foot building was proximately caused by the attorney not properly counseling the claimant on the nature and effect of the covenants. *Id.* at ¶ 21, 236 P.3d at 292. We rejected the expert's opinion and found it was a conclusory opinion that made a bald assertion unsupported by foundational facts. *Id.* at ¶ 23, 236 P.3d at 293. We held the expert's conclusory opinion impermissibly attempted to shift any loss the claimant suffered to the firm without showing that the loss suffered was in fact caused by the firm's alleged malpractice. *Id.* at ¶ 24, 236 P.3d at 293. Based on the lack of evidence in the record establishing the firm's conduct was a substantial factor in the claimant's inability to build his desired 10,000-square-foot building, we upheld the district court's grant of summary judgment and found it properly concluded the legal malpractice claim failed as a matter of law. *Id.* at ¶¶ 12–24, 236 P.3d at 290–93.

[¶27] Appellees established Appellants failed to designate any expert witness or present any evidence establishing Ms. Mathey's malpractice proximately caused Appellants' damages. They further established Appellants had not provided any evidence other than mere conclusory statements supporting the cause of the sewer backup was related to the

City's negligence. Appellees met their prima facie case for summary judgment. The burden, therefore, shifted to Appellants to present specific facts supporting the action against the City would have been successful but for Ms. Mathey's failure to file the lawsuit. *See Scranton*, 2020 WY 63, ¶ 32, 463 P.3d at 793. Mr. Johnson presented no evidence or expert opinion, other than his own conclusory statements, that the cause of the sewer backup was due to the City's negligence in keeping the public utility operable or functional. His legal malpractice claim against Appellees fails as a matter of law because he presented no evidence his lawsuit against the City would have been successful but for Ms. Mathey's misconduct in failing to file the lawsuit. *See, e.g.*, *Scranton*, 2020 WY 63, ¶¶ 33–37, 463 P.3d at 793–95 (finding summary judgment was properly granted when the plaintiff presented no evidence showing but for the attorney's conduct in failing to timely request a hearing the claimant would have been successful); *Tozzi*, 2018 WY 133, ¶¶ 36–46, 430 P.3d at 764–66 (finding the claimant's failure to provide expert testimony and competent evidence demonstrating the lawyer's actions caused the claimant damages in a legal malpractice action entitled the defendant to judgment as a matter of law).

## II. *Factory Homes Outlet Litigation*

[¶28] In a separate claim for legal malpractice, Appellants argue Ms. Mathey committed legal malpractice in her representation of Mr. Johnson and his entity in litigation against Factory Homes Outlet. Appellants allege Ms. Mathey committed legal malpractice by "misappropriate[ing] settlement funds to which [Mr. Johnson was] entitled" and by failing to obtain the affidavit from his co-worker, which resulted in Mr. Johnson settling his case against "Factory Homes Outlet for an estimated $200,000 less than the value of [his] claims."

[¶29] As the moving party, Appellees "through expert testimony or affidavit, [are] required to demonstrate that [Ms. Mathey's] conduct [in the Factory Homes Outlet litigation] conformed to the accepted standard of care." *Tozzi*, 2018 WY 133, ¶ 37, 430 P.3d at 764 (quoting *Gayhart v. Goody*, 2004 WY 112, ¶ 17, 98 P.3d 164, 169 (Wyo. 2004)). Appellees designated Sage Hilstad and Danielle Mathey as expert witnesses. Ms. Hilstad opined Ms. Mathey investigated the Factory Homes Outlet case, discovered the affidavit from the co-worker would not make a material difference in the matter, and properly advised Mr. Johnson about whether to accept the settlement offer. Ms. Hilstad opined Ms. Mathey's conduct did not fall below the standard of care. She further opined to a reasonable degree of certainty that Mr. Johnson and his entities would be unable to establish whether Ms. Mathey's failure to obtain the signed affidavit caused Mr. Johnson any damages.

[¶30] Ms. Mathey opined the $7,545.66 payment to Mr. Johnson "came from attorney's fees that [she] earned in the case against Factory Homes Outlet." She further opined she "actively worked on the case for roughly 18 months [and her] work is accurately reflected in the invoices [she] sent to Mr. Johnson and his entities." Ms. Mathey contends the BPR

and this Court never found she "did not perform [the] work, that [her] work on [the] matter violated any Rules of Professional Conduct, or that [she] charged an unreasonable fee for the work performed." Ms. Mathey further attests that while she did draft an affidavit for Mr. Johnson's co-worker, the co-worker did not have any information about the records at an offsite storage facility that would support Mr. Johnson's claims for unpaid sales commissions. Ms. Mathey attested she advised Mr. Johnson and his entities during mediation of the risks and costs inherent in litigation, made counteroffers to Factory Homes Outlet on behalf of Mr. Johnson and his entities, and after counseling Mr. Johnson on the pros and cons of litigation, Mr. Johnson ultimately agreed "to accept what was represented to be Factory Homes Outlet's best and final offer." Ms. Mathey opined "there is no way [to determine if] Factory Homes Outlet would have agreed to settle for a greater amount at mediation" had the co-worker returned the affidavit. She attested "to a reasonable degree of certainty, Mr. Johnson and his entities w[ould] be unable to establish [the co-worker's] failure to sign and return the affidavit [she] sent him caused [Appellants] any damages."

[¶31]   Appellees established a prima facie case, through the use of affidavits and expert opinion, demonstrating Ms. Mathey's conduct conformed to the accepted standard of legal care and Appellants lack any evidence on the standard of care and causation elements of their legal malpractice claims involving the Factory Homes Outlet litigation. *See generally Scranton*, 2020 WY 63, ¶ 32, 463 P.3d at 793 (finding a movant establishes a prima facie case by demonstrating there is a lack of evidence on the essential element of causation, and an affiant with personal knowledge opines to a reasonable degree of certainty the attorney did not violate a standard of care or proximately cause damages). The burden, therefore, shifted to Appellants to demonstrate through expert testimony that Ms. Mathey's conduct did not meet the required standard of care and proximately caused Appellants' damages. *Id.*; *Tozzi*, 2018 WY 133, ¶ 37, 430 P.3d at 764 (citing *Gayhart*, 2004 WY 112, ¶ 17, 98 P.3d at 169). If Appellants fail to provide expert testimony or admissible evidence making this showing, the Appellees are entitled to judgment as a matter of law because Appellants have failed to establish a genuine issue of material fact concerning the standard of care and causation elements of their legal malpractice claim. *Scranton*, ¶ 33, 463 P.3d at 793; *Tozzi*, ¶ 37, 430 P.3d at 764 (citing *Moore v. Lubnau*, 855 P.2d 1245, 1251 (Wyo. 1993)).

[¶32]   Appellants have provided no countervailing expert testimony to dispute Ms. Mathey and Ms. Hilstad's opinions, nor have they provided any evidentiary support to establish Ms. Mathey misappropriated the settlement funds, or that Factory Homes Outlet would have settled for a greater amount had Ms. Mathey obtained a signed copy of the co-worker's affidavit. Instead, Appellants merely contend that because the BPR found Ms. Mathey lied about the status of the settlement funds this satisfies their burden and creates a genuine issue of material fact. We disagree and find the district court properly entered summary judgment in favor of the Appellees. The BPR never made any findings as to whether Ms. Mathey was entitled to the $13,717.07 in attorneys' fees, and Appellants have presented no evidence establishing Ms. Mathey was not entitled to the fees. Further, the BPR made no findings as to Ms. Mathey's conduct with respect to the co-worker's

affidavit, and Appellants failed to establish through expert testimony or competent evidence that Mr. Johnson would have received a greater settlement from Factory Homes Outlet but for Ms. Mathey's failure to obtain a signed affidavit from the co-worker. Appellants, therefore, failed to establish a genuine issue of material fact on the standard of care and causation elements of their legal malpractice claim, and Appellees were entitled to judgment as a matter of law. *See, e.g.*, *Scranton*, 2020 WY 63, ¶¶ 33–37, 463 P.3d at 793–95 (finding summary judgment proper when an expert opinion for a legal malpractice claim fails to establish the claimant would have successfully recovered the requested damages but for the attorney's misconduct); *Moore*, 855 P.2d at 1251 (holding the plaintiff's failure to "submit countervailing expert testimony" demonstrating the attorney's conduct did not conform to that of a reasonable Wyoming attorney "established that no genuine issue of material fact existed and that summary judgment was appropriate.").

## CONCLUSION

[¶33]   The Appellees met their prima facie case for summary judgment by showing a lack of evidence on the proximate cause element of Appellants' legal malpractice claim in the City of Rock Springs matter and by showing Ms. Mathey met her standard of care and did not proximately cause Appellants any damage in the Factory Homes Outlet litigation.  In response, Appellants presented no competent evidence or expert testimony to show Ms. Mathey's acts or omissions proximately caused Appellants' damages in the City of Rock Springs matter.  Appellants further presented no evidence to support Ms. Mathey breached a standard of care or proximately caused Appellants any damages in the Factory Homes Outlet litigation.  The district court properly granted summary judgment in favor of the Appellees.  Affirmed.