# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 73

APRIL TERM, A.D. 2021

June 7, 2021

SUE ANN PAGE,

Appellant
(Plaintiff),

v.

LINDSEY MEYERS and CALVIN JOHN
PAGE, III,

Appellees
(Defendants).

S-20-0221

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*
　　Michael Stulken, Newcastle, Wyoming.

*Representing Appellee:*
　　Mark W. Harris of Harris Law Office, P.C., Evanston, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Sue Ann Page sued her adult stepchildren Calvin John Page III (Calvin) and Lindsey Meyers (Lindsey) for negligent misrepresentation and intentional interference with a contract, claiming they caused their father—her late husband, Calvin John Page II—to remove her as the primary beneficiary of his insurance plan. The district court granted summary judgment to Calvin and Lindsey on both claims. Ms. Page appeals. We affirm.

## *ISSUE*

[¶2]    The dispositive issue is:

> Were Calvin and Lindsey entitled to summary judgment on Ms. Page's claims for negligent misrepresentation and intentional interference with a contract?

## *FACTS*

[¶3]    Ms. Page is the surviving spouse of Mr. Page, who died intestate in September 2015. Calvin and Lindsey are Mr. Page's children from a previous marriage. Mr. Page worked for Tata Chemicals North America, Inc. (Tata), and entered into a contract for a life insurance plan through Tata several decades before his death. At one point, Ms. Page was the sole beneficiary of that insurance plan. When Ms. Page asked Tata about the life insurance following Mr. Page's death, Tata informed her she was no longer the sole beneficiary—Mr. Page had changed his designations in December 2011, naming Lindsey the primary beneficiary and Ms. Page and Calvin as secondary beneficiaries. Lindsey received a payout of $157,000. Ms. Page brought this action against Lindsey and Calvin in September 2018.

[¶4]    According to Ms. Page's complaint, Mr. Page was suffering severely from the side effects of hepatitis C in 2011, and he was "completely disoriented." Her complaint alleged that Calvin and Lindsey took advantage of Mr. Page's disorientation:

> 22. When Mr. Page was disoriented from the diagnosis of Hepatitis C in December of 2011, to the point that Mr. Page was not competent to make any decision with regard to the same, Mr. Page changed his beneficiary designations pursuant to the life insurance contract.
>
> 23. [Calvin and Lindsey] caused Mr. Page to change the beneficiary designation pursuant to the life insurance contract.

1

24. Upon the urging and direction of [Calvin and Lindsey], Mr. Page changed his beneficiary designation pursuant to the life insurance contract to [Lindsey and Calvin].

25. [Calvin and Lindsey] knew of Mr. Page['s] disorientation, and took advantage of the same by changing the beneficiary designations of the referenced life insurance contract. Also, upon information and belief, [Calvin and Lindsey] indicated that Mr. Page was competent to change his life insurance contract beneficiary designation.

[¶5]    Ms. Page brought claims against Calvin and Lindsey for negligent misrepresentation and intentional interference with a contract.[1]  In her claim for negligent misrepresentation she alleged: Calvin and Lindsey supplied false information regarding Mr. Page's competency and "capacity to change his beneficiary"; reliance was had on this false information; and Ms. Page suffered pecuniary loss in the amount of $157,000 as a result. In her claim for intentional interference with a contract she asserted: her primary beneficiary status was "[a] valid contractual relationship or business expectancy"; Calvin and Lindsey knew of this contract or expectancy; and they intentionally interfered with and caused termination of it.  Calvin and Lindsey answered the complaint, and the parties engaged in discovery.[2]

[¶6]    In their summary judgment motion and supporting memorandum, Calvin and Lindsey argued the parties' discovery showed there was a lack of evidence to satisfy one or more of the essential elements of each of Ms. Page's claims.  Specifically, they argued Ms. Page could not establish: Calvin and Lindsey provided false information regarding Mr. Page's competency or capacity to change his beneficiary designation; there was a valid contract or expectancy between Ms. Page and Mr. Page; or, if there was a valid contract, Calvin or Lindsey knew about and interfered with it.

[¶7]    The district court determined Calvin and Lindsey met their summary judgment burden.  And, after examining the record from the vantage point most favorable to Ms. Page, the court concluded she failed to present evidence to establish any genuine dispute of material fact on these elements for trial.  The court therefore awarded summary judgment to Calvin and Lindsey.  Ms. Page appealed.

---

[1] Ms. Page also brought a negligence claim against Tata for allowing Mr. Page to change his beneficiary designation.  Tata answered the complaint and participated in discovery.  The district court then granted a stipulated motion to dismiss the claim against Tata with prejudice.

[2] As part of discovery, Ms. Page, Calvin, and Lindsey all gave depositions.  Ms. Page and her daughter provided sworn affidavits.  Other discovery materials included: documents regarding the payment to Lindsey; the December 2011 beneficiary designation form; several of Mr. Page's designation change forms dating back to 1981; and some of Mr. Page's medical records.  Though not part of the record on appeal, the record makes clear that Tata also produced numerous documents as part of discovery.

[¶8]    We include additional facts below as necessary to our discussion.

## STANDARD OF REVIEW

[¶9]    Our standard of review on summary judgment is well established. We review the district court's order granting summary judgment de novo and can affirm on any legal grounds provided in the record. *Burns v. Sam*, 2021 WY 10, ¶ 7, 479 P.3d 741, 743 (Wyo. 2021) (citing *Warwick v. Accessible Space, Inc.*, 2019 WY 89, ¶ 9, 448 P.3d 206, 210 (Wyo. 2019)).

> [W]e review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties.

*Id.* ¶ 7, 479 P.3d at 744 (quoting *Warwick*, ¶ 9, 448 P.3d at 210–11).

## DISCUSSION

### I.    Negligent Misrepresentation

[¶10]   As the moving parties, Calvin and Lindsey must establish a prima facie case for summary judgment. *Id.* (citing *Warwick*, ¶ 10, 448 P.3d at 211). Because they do not bear the ultimate burden of persuasion, they can establish their prima facie case "by showing a lack of evidence" on essential elements of Ms. Page's claims. *Id.* (quoting *Warwick*, ¶ 10, 448 P.3d at 211); *see, e.g.*, *Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶¶ 27–28, 442 P.3d 41, 49 (Wyo. 2019) (defendant presented evidence showing plaintiff could not establish the elements of tortious interference with a contract); *Mantle v. N. Star Energy & Constr. LLC*, 2019 WY 29, ¶ 116, 437 P.3d 758, 796 (Wyo. 2019) (defendant presented evidence showing plaintiff could not establish transfers were fraudulent).

[¶11]   If Calvin and Lindsey make their prima facie case, the burden shifts to Ms. Page to show evidence exists to satisfy each essential element at issue, and thereby establish a genuine dispute of material fact for trial. *See Burns*, ¶ 7, 479 P.3d at 744 (citing *Warwick*, ¶ 11, 448 P.3d at 211). As the party opposing the summary judgment motion, Ms. Page's evidence "must be competent and admissible, lest the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation." *Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 9, 148 P.3d 8, 13 (Wyo.

2006) (quoting *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 12, 126 P.3d 886, 890 (Wyo. 2006)). "Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact" on any essential element. *Id.* (quoting *Cook*, ¶ 12, 126 P.3d at 890).

[¶12]   The elements of negligent misrepresentation are:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, [1] supplies false information for the guidance of others in their business transactions, is subject to liability for [2] pecuniary loss caused to them by [3] their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Action Snowmobile & RV, Inc. v. Most Wanted Performance, LLC*, 2018 WY 89, ¶ 9, 423 P.3d 317, 321 (Wyo. 2018) (citing *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 42, 75 P.3d 640, 656 (Wyo. 2003)).  Ms. Page must establish a disputed issue of material fact on each element for which Calvin and Lindsey have made a prima facie showing, *see Burns*, ¶ 7, 479 P.3d at 744 (citing *Warwick*, ¶ 11, 448 P.3d at 211); her failure to do so on any one is a sufficient basis to affirm summary judgment in favor of Calvin and Lindsey.

[¶13]   In her complaint, Ms. Page alleged:

> 35. When [Calvin and Lindsey] caused Mr. Page to change his life insurance contract beneficiary designation, they supplied false information, to wit: That Mr. Page was competent and had the capacity to change his beneficiary designation.
>
> 36. Reliance was had as to these representations and [Calvin and Lindsey] presented this information for the guidance of others.
>
> 37. [Calvin and Lindsey] failed to exercise reasonable care in relating the information.
>
> 38. [Ms. Page] has had pecuniary loss as a result of the justifiable reliance thereon in the amount of $157,000.

Notably, the complaint nowhere identified to whom Calvin and Lindsey supplied the "false information" or who then relied on that information.

4

[¶14]  Calvin and Lindsey moved for summary judgment arguing there was a lack of evidence to show they provided false information to Tata, the insurer, or anyone else regarding Mr. Page's competency.  Thus, they contended Ms. Page could not satisfy that essential element of her negligent misrepresentation claim.  They asserted that nothing in "the several hundred or thousands of pages of documents produced in discovery" showed they ever supplied information to Tata or the insurer regarding their father's competency.  They further showed that evidence to support Ms. Page's "false information" allegation could not be found in any of the parties' three depositions.  To the contrary, Lindsey testified her only contact with Tata was after Mr. Page's death; Calvin testified he never had any contact with Tata; and, Ms. Page testified she did not know whether any one was present when Mr. Page made the beneficiary change—she only assumed Lindsey or Calvin was there—and no one told her that Calvin or Lindsey provided false information regarding Mr. Page's competency.

[¶15]  Ms. Page mischaracterizes Calvin and Lindsey's reliance on the absence of evidence as reliance on "inadmissible evidence."  Her argument seems to derive from the district court's comment that Calvin and Lindsey did "not submit admissible evidence on this point[.]"  The record makes clear, however, that the court was not implying it was relying on inadmissible evidence.  Rather, the court understood that Calvin and Lindsey were relying on the absence of any evidence in the several "hundreds or thousands of pages of documents from Tata or the insurer" that suggested Calvin or Lindsey provided any information, let alone false information.  On our review of the record, we must agree with the district court that Ms. Page did not dispute the absence of such evidence.  Because Calvin and Lindsey were entitled to rely on the absence of evidence to refute Ms. Page's "false information" allegation, *see Burns*, ¶ 7, 479 P.3d at 744 (citation omitted), we conclude they made their prima facie case in support of summary judgment.

[¶16]  Shifting the burden, the question becomes whether Ms. Page established there was a dispute of material fact concerning the "false information" element. *Id.* (citing *Warwick*, ¶ 11, 448 P.3d at 211).  The record, viewed in Ms. Page's favor, contains no evidence to support her false information allegation.  Rather than directly challenge Calvin and Lindsey's assertion that no evidence exists to support this element, Ms. Page responded to the summary judgment motion with evidence regarding Mr. Page's medical condition; the strained relationship between herself and Calvin and Lindsey; and Calvin and Lindsey's pecuniary interest in Mr. Page's life insurance.  She also emphasized that she, Calvin, and Lindsey were the only people to drive Mr. Page around during this time, and claimed she did not drive Mr. Page to change his beneficiary designation so Calvin or Lindsey must have.  At best, this evidence reflects Ms. Page's speculation.  It does not establish an issue of material fact for summary judgment.

[¶17]  Ms. Page nevertheless argues she set forth enough circumstantial evidence—the timing of the beneficiary change and Mr. Page's confusion, the strained relationships, and the fact that Calvin and Lindsey drove Mr. Page around—to defeat the summary judgment

5

motion if we give her the benefit of all reasonable inferences from that evidence. We reiterate, however, that the essential element in question is whether Calvin and Lindsey provided false information regarding Mr. Page's competency. Ms. Page provides nothing to dispute the lack of direct evidence on the false information element, and the evidence she puts forth does not support a reasonable inference that Calvin and Lindsey supplied false information.

[¶18] Ms. Page also challenges the district court's finding that her negligent misrepresentation claim was "internally inconsistent" because the law requires that the party who suffers the pecuniary loss be the same party who was provided, and justifiably relied on, the false information.[3] She claims those parties need not be one in the same. The district court did not consider the noted inconsistency necessary to its summary judgment ruling, and neither do we. The dispositive issue is whether Ms. Page presented evidence sufficient to defeat Calvin and Lindsey's prima facie case. For the reasons explained above, she did not. Ms. Page's failure to establish a disputed issue of material fact concerning whether Calvin and Lindsey supplied false information is sufficient grounds for us to affirm summary judgment in favor of Calvin and Lindsey on Ms. Page's claim for negligent misrepresentation.

## II.    *Intentional Interference with a Contract*

[¶19]

> The elements of a claim of intentional interference with a contract are: (1) the existence of a contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional and improper interference with the contract which induced or caused a breach; and (4) resulting damages.

*Sunshine Custom Paints & Body, Inc. v. South Douglas Highway Water & Sewer Dist.*, 2007 WY 206, ¶ 21, 173 P.3d 398, 404 (Wyo. 2007) (citation omitted).

---

[3] The district court explained:

> But even if the Court assumes for the sake of argument that Defendants supplied false information to Tata or the insurer, this case does not claim that Defendants should be liable for pecuniary loss caused to *them* by *their* reliance on the information. Conversely, Plaintiff claims Defendants caused pecuniary loss to Plaintiff, but does not claim that Defendants supplied false information for Plaintiff's guidance in Plaintiff's business transactions. Stated differently, Plaintiff's claim for negligent misrepresentation in this case is internally inconsistent.

6

[¶20] Ms. Page's complaint alleged:

> 40. A valid contractual relationship or business expectancy existed in this case, to wit: [Ms. Page] being designated as the sole beneficiary to the referenced life insurance.
>
> 41. [Calvin and Lindsey] knew of this contractual relationship or business expectancy.
>
> 42. [Calvin and Lindsey] intentionally interfered in the aforesaid business expectancy, causing the termination thereof.
>
> 43. [Ms. Page] has been damaged because of this interference or business or contractual relationship disruption in the amount of $157,000.

[¶21] When Calvin and Lindsey moved for summary judgment, they argued they were entitled to relief as a matter of law because Ms. Page was not a party to the life insurance contract. Only in her summary judgment response did Ms. Page clarify she was not claiming intentional interference with the life insurance contract, but rather with the "contract" that arose when Mr. Page indicated to her that she and her daughter would "be taken care of upon [his] death." Her affidavit in opposition to summary judgment stated:

> During our marriage, Mr. Page indicated [] he would "take care" of my daughter and I. He specifically said that he would make sure that my daughter, Michaela, and I would be financial[ly] secure upon his death. This included that I would receive his life insurance proceeds. Mr. Page wanted to make sure of this especially since he had adopted Michaela.

In reply, Calvin and Lindsey objected to Ms. Page identifying "a new and completely different contract" after discovery had closed and they had moved for summary judgment. The district court considered Ms. Page's clarified claim, but concluded that, at most, she established the existence of a promise, not a contract, between her and Mr. Page.

[¶22] Ms. Page argues she did establish a genuine dispute of material fact as to whether an implied contract existed between her and Mr. Page. And she asserts the implied contract was formed when Mr. Page offered to name her his primary beneficiary and she accepted. As consideration for the agreement, she claims she took care of Mr. Page, drove him to doctor appointments, and allowed him to adopt her daughter.[4]

---

[4] To establish an implied contract, a party must prove offer, acceptance, and consideration. *Rogers v. Wright*, 2016 WY 10, ¶ 45, 366 P.3d 1264, 1278 (Wyo. 2016).

7

[¶23]   Ms. Page cites to her affidavit to support her claim there was consideration sufficient to create an implied contract, but it provides no such support.  Her affidavit avers that only she, Calvin, and Lindsey drove Mr. Page around during that time.  It makes no mention of why she drove Mr. Page to his doctor appointments.  Her affidavit also mentions that Mr. Page adopted her daughter, but it does not relate the adoption to the fulfillment of any agreement between Ms. Page and Mr. Page.  Consequently, these assertions do not provide evidence for or support any reasonable inference that there was a disputed issue of material fact for trial concerning whether the consideration element of an implied contract could be satisfied.

[¶24]   In sum, we found nothing in Ms. Page's affidavit, her deposition, or elsewhere in the record to support a disputed issue of fact that Ms. Page provided consideration to Mr. Page in exchange for her beneficiary status.  On the contrary, Ms. Page stated in her deposition that she and Mr. Page never discussed him listing her as his beneficiary until after he had done so, and that they never discussed the subsequent changes he made to reflect her name change after they married and when he added and removed her daughter from the policy.  And she testified he first designated her as his beneficiary in 2006, which was five years prior to when he became disoriented, and before he needed to be taken care of.  These undisputed facts undermine Ms. Page's argument that she accepted Mr. Page's offer to be the primary beneficiary on his life insurance and that she provided him consideration in return.

[¶25]   Reviewing the record in Ms. Page's favor, we conclude she failed to establish a dispute of material fact as to whether a valid contract existed between her and Mr. Page.  Calvin and Lindsey are therefore entitled to summary judgment on this claim.

[¶26]   We affirm.

8