# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 109

**OCTOBER TERM, A.D. 2025**

**October 7, 2025**

BRIAN C. LEWIS,

Appellant
(Plaintiff),

v.

REBECCA LYN FRANCIS, n/k/a REBECCA
LYN JOLLEY,

Appellee
(Defendant).

S-25-0073

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
Amanda K. Achord, Seth Darrell Shumaker, Lonabaugh and Riggs, LLP, Sheridan, Wyoming.

*Representing Appellee:*
Christopher J. King, APEX Legal, P.C., Worland, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL, Justice.**

[¶1]    Brian Lewis (Lewis) filed a defamation per se claim against his ex-wife, Rebecca Francis, n/k/a Rebecca Jolley (Jolley), alleging she made defamatory statements about him to third parties.  Jolley asked the district court to grant her summary judgment, arguing no genuine issue of any material fact existed.  The district court agreed with Jolley and granted her summary judgment, dismissing Lewis's claims.[1]  Lewis appeals.  Finding genuine issues of material facts do exist, we reverse.

## ISSUE

[¶2]    The dispositive issue is:

> Was Jolley entitled to summary judgment on Mr. Lewis's claim for defamation per se?

## FACTS

[¶3]    Lewis and Jolley were married from June of 2019 until September of 2021.  Lewis owned and operated an outfitting and hunting guide business, mainly operating in the Northwest region of the United States.  Jolley occasionally helped Lewis guide hunts, both before and during their marriage.  While conducting his business in Idaho, Lewis was charged with a hunting violation.  Lewis pled to a misdemeanor hunting violation and his guiding privileges in Idaho were suspended for a time.

[¶4]    Hoping to continue his business in Wyoming during the Idaho suspension, Lewis looked into obtaining hunting leases on ranch lands around Meeteetse.  However, Lewis eventually learned his Wyoming guiding and hunting privileges had also been suspended, due to Wyoming being a member state of the Interstate Wildlife Violator Compact.

[¶5]    In the summer of 2022, Lewis became aware that Jolley was purportedly making false, derogatory statements about him to people in the small community of Meeteetse.  Lewis came to believe this was occurring because a potential sale of his outfitting and guiding business for $1 million fell through, his neighbor harassed him, he was fired from his ranch job, he was evicted from stabling his horses, a female acquaintance would no longer associate with him or let any child be alone around him, his church ostracized him, and rumors about him were supposedly circulating through the community.  Lewis believed all of this was caused by Jolley falsely telling people that he was a convicted felon, was

---

[1] Lewis also pled claims for intentional infliction of emotional distress and intentional or tortious interference with a contract/business expectancy/or prospective economic advantage, which were also dismissed by summary judgment.  Lewis does not appeal those summary judgment dismissals.

1

homosexual and had committed homosexual acts, had poached deer in Wyoming, and was attracted to underage girls.

[¶6]    Lewis consequently filed a complaint against Jolley for defamation per se.  In his complaint, Lewis claimed Jolley falsely told third parties that he:  1) was a homosexual; 2) engaged in homosexual acts with others that were captured by video recording; 3) was a convicted felon; and 4) poached wildlife against the laws of the State of Wyoming.

[¶7]    Jolley subsequently moved for summary judgment.  Citing her own deposition testimony, Jolley contended that the defamation per se claim lacked a genuine dispute because she denied making any of the derogatory statements and Lewis had no evidence to prove that she did.  Jolley also argued that even if she did make the statements, they did not rise to the level of defamation per se because Lewis was not engaged in the act or trade of guiding from January 1, 2022, onward.

[¶8]    Lewis opposed Jolley's motion, asserting that whether Jolley made false defamatory statements to a third party, amounting to defamation per se, was in dispute.  Lewis supported his assertion with six exhibits:  1) Mike Thule telephone transcript; 2) Jolley Deposition; 3) Doug Anderson Affidavit; 4) Expert Report on damages; 5) Counselor Potter Affidavit; and 6) Abby Bytheway Affidavit.  Abby Bytheway's Affidavit specifically contained her sworn statement that in July 2022, Jolley approached her in Riverton, Wyoming and represented to her:  1) Lewis is a homosexual; 2) Lewis is a convicted felon; 3) Lewis poaches wildlife; and 4) Lewis is attracted to underage girls.

[¶9]    After hearing oral arguments from both parties and receiving additional briefing, the district court granted Jolley summary judgment and dismissed Lewis's defamation per se claim.  Lewis appealed.

**STANDARD OF REVIEW**

[¶10]  Summary judgment is governed by Wyoming Rule of Civil Procedure (W.R.C.P.) 56 and imposes obligations on the movant and nonmovant.  *See Chesapeake Expl., LLC v. Morton Prod. Co., LLC*, 2025 WY 15, ¶ 29, 562 P.3d 1286, 1295 (Wyo. 2025); *Kaufman v. Rural Health Dev., Inc*., 2019 WY 62, ¶ 14, 442 P.3d 303, 307 (Wyo. 2019).  "Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to judgment as a matter of law." *Chesapeake Expl.*, ¶ 29, 562 P.3d at 1295 (citing *Comet Energy Servs., LLC v. Powder River Oil & Gas Ventures, LLC*, 2008 WY 69, ¶ 5, 185 P.3d 1259, 1261 (Wyo. 2008); *see also* W.R.C.P. 56(c).  We review summary judgment decisions de novo, giving no deference to the district court's conclusions, and using the same materials and standards. *Groff v. McKellar Tiedeken & Scoggin, LLC*, 2025 WY 54, ¶ 14, 568 P.3d 1164, 1167 (Wyo. 2025) (citing *Sorensen v. Halling*, 2025 WY 8, ¶ 6, 561 P.3d 1241, 1244 (Wyo. 2025)).  "A district court may grant summary judgment 'if the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Weir v. Expert Training, LLC*, 2022 WY 44, ¶ 15, 507 P.3d 442, 447 (Wyo. 2022) (quoting W.R.C.P. 56(c) (2016)).

[¶11] Once a movant has made a prima facie case showing that no genuine issue of material fact exists, the burden shifts to the party opposing the motion to present evidence showing that a genuine issue of material fact does exist. *Little Med. Creek Ranch, Inc. v. D'Elia*, 2019 WY 103, ¶ 14, 450 P.3d 222, 228 (Wyo. 2019) (citing *Mantle v. N. Star Energy & Constr. LLC*, 2019 WY 29, ¶ 110, 437 P.3d 758, 795 (Wyo. 2019)); *Chesapeake Expl.*, ¶ 69, 562 P.3d at 1302. "Materiality of a fact depends upon it having some legal significance so that it establishes or refutes some essential element of a cause of action or defense asserted by one of the parties." *Little Med. Creek Ranch*, ¶ 16, 450 P.3d at 228 (quoting *Braunstein v. Robinson Family Ltd. P'ship*, 2010 WY 26, ¶ 16, 226 P.3d 826, 833 (Wyo. 2010)); *see also Johnson v. Mathey*, 2023 WY 71, ¶ 18, 532 P.3d 672, 677 (Wyo. 2023).

[¶12] The opposing party must present competent evidence which would be admissible at trial. *Leonhardt v. Big Horn Cnty. Sheriff's Off.*, 2024 WY 128, ¶¶ 16-17, 559 P.3d 1053, 1058-59 (Wyo. 2024); *Ramirez v. Brown*, 2020 WY 79, ¶ 14, 466 P.3d 285, 289 (Wyo. 2020). "The party opposing the motion must present specific facts; relying on conclusory statements or mere opinion will not satisfy that burden, nor will relying solely upon allegations and pleadings." *Little Med. Creek Ranch*, ¶ 14, 450 P.3d at 228 (citing *Boehm v. Cody Cntry. Chamber of Commerce*, 748 P.2d 704, 710 (Wyo. 1987)); *see also Johnson*, ¶ 19, 532 P.3d at 677 (citation omitted). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Ramirez*, ¶ 14, 466 P.3d at 289 (citing W.R.C.P. 56(c)(4)). "However, the facts presented are considered from the vantage point most favorable to the party opposing the motion, and that party is given the benefit of all favorable inferences that may fairly be drawn from the record." *Little Med. Creek Ranch*, ¶ 14, 450 P.3d at 228 (citation omitted).

## DISCUSSION

[¶13] Lewis asserts genuine issues of material fact exist as to whether Jolley made false, derogatory statements about him to third parties that constitute defamation per se. Specifically, Lewis argues it is disputed whether Jolley told another person that he was a convicted felon.

[¶14] "A defamatory communication is one which tends to hold the plaintiff up to hatred, contempt, ridicule or scorn or which causes him to be shunned or avoided; one that tends to injure his reputation as to diminish the esteem, respect, goodwill or confidence in which he is held." *Bextel v. Fork Rd. LLC*, 2020 WY 134, ¶ 12, 474 P.3d 625, 629 (Wyo. 2020)

3

(quoting *Hill v. Stubson*, 2018 WY 70, ¶ 25, 420 P.3d 732, 741 (Wyo. 2018)). "Defamation per se means a statement which is defamatory on its face and, therefore, actionable without proof of special damages." *Id.* (quoting *Hill*, ¶ 25, 420 P.3d at 741). As such, damages are presumed. *Hill,* ¶ 25, 420 P.3d at 741.

[¶15]  A defamation per se claim does not require proof of pecuniary or economic loss. *Thomas v. Sumner*, 2015 WY 7, ¶ 49, 341 P.3d 390, 402 (Wyo. 2015) (citing Restatement (Second) of Torts § 558 (1977)).  However, it does require a prima facia showing that:

> (1) the defendant made a false and defamatory communication concerning the plaintiff; and (2) the defendant made an unprivileged publication to a third party; and (3) at the time of the publication the defendant knew the communication was false, or the defendant acted in reckless disregard of whether the statement was false; or the defendant acted negligently in failing to ascertain whether the communication was false.

 *Id.*

[¶16]  Wyoming's defamation per se law derives from the Restatement (Second) of Torts. *Bextel*, ¶ 13,  474 P.3d at 629 (citing *Hill*, ¶ 28, 420 P.3d at 742); *Thomas*, ¶ 49, 341 P.3d at 402.

> The only statements classified as defamatory per se or damaging on their face, and which therefore do not require proof of special harm, are those which impute (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with business, trade, profession, or office; or (4) serious sexual misconduct.

 *Hill*, ¶ 25, 420 P.3d at 741 (quoting *Thomas*, ¶ 49, 341 P.3d at 402); *see also* Restatement (Second) of Torts § 570 (1977) (October 2024 Update).  As noted, Lewis claims some of Jolley's alleged statements falsely imputed a criminal offense to him—that he was a convicted felon.

[¶17]  To be actionable per se, a statement imputing a criminal offense must reference a crime that is (a) punishable by imprisonment in a state or federal institution, or (b) regarded by public opinion as involving moral turpitude.  *Hill*, ¶ 33, 420 P.3d at 743 (citing Restatement (Second) of Torts § 571 (1977)).  Because Lewis's claim on appeal relies exclusively upon Jolley allegedly making a statement that imputed a criminal offense to him for which he could be imprisoned, we need not address the second situation—conduct involving moral turpitude.  "The Restatement does not require technical precision in a statement accusing one of criminal conduct, but it must be apparent from the statement that

4

the crime was one punishable by imprisonment[.]" *Hill*, ¶ 36, 420 P.3d at 744 (citing Restatement (Second) of Torts § 571 cmt. c ("It is not necessary that the defamer charge any particular criminal offense either by name or description, if the words used imply some crime of the type stated in Clauses (a) [punishable by imprisonment] and (b) [involving moral turpitude]."); and *Lovings v. Thomas*, 805 N.E.2d 442, 449 (Ind. Ct. App. 2004) (false imputation of a crime must bear some reasonably close relation to the legislative definition of a crime)).

[¶18] A felony is generally understood to mean a crime usually punishable by imprisonment for more than one year or by death. *See Black's Law Dictionary* (12th ed. 2024), 22 C.J.S. Criminal Law: Substantive Principles § 14 Felonies (May 2025 Update), *Meriam-Webster Dictionary*, *Cambridge Dictionary*. Furthermore, according to the Restatement it is unimportant that the conduct charged does not constitute a criminal offense under the law of the place where it is alleged to have occurred; it is enough that the conduct imputed to the other is criminal under the law of the place where the defamatory communication is published. Restatement (Second) of Torts § 571 cmt. b (1977) (September 2025 Update). In Wyoming, felonies are criminal offenses that are punishable by imprisonment in a state penal institution for a year or more. *See* Wyo. Stat. Ann. §§ 6-10-101, 6-10-107, and 6-10-109; *Daugherty v. State*, 2002 WY 52, ¶ 14, 44 P.3d 28, 33-34 (Wyo. 2002). Thus, if Jolley falsely told another person that Lewis was a convicted felon, it would amount to defamation per se.

[¶19] Jolley argues on appeal that Lewis must not only prove she made a statement that imputed a criminal offense to him but also must prove the statements imputed matters incompatible with business, trade, or profession, citing to *Hill*, ¶¶ 27-30, 420 P.3d at 742-43 to support her contention. We disagree. This is not a correct statement of the law for defamation per se, nor a correct understanding of what we said in *Hill*. As already stated above, there are only four types of statements that are classified as defamatory per se, and they are all separate and distinct from one another. *See Hill*, ¶ 25, 420 P.3d at 741, and Restatement (Second) of Torts § 570 (1977) (September 2025 Update). Imputation of a criminal offense is one type of statement and so is a statement imputing a matter incompatible with business, trade, profession, or office. *Id.*, *see also Hill*, ¶ 25, 420 P.3d at 741. They are separate causes of defamation per se actions and *Hill* treated them as such.

[¶20] In *Hill*, as to the defamation per se allegations, we stated:

> Because the claim was only defamation per se, our task is to determine whether the complaint alleges facts sufficient to state such a claim. We will first address the complaint's assertion of defamation per se based on the statements' alleged incompatibility with business, trade, profession, or office, **and then** its assertion based on the imputation of criminal conduct.

5

*Hill*, ¶ 26, 420 P.3d at 742 (emphasis added). We then went on to analyze each assertion separately. Nowhere in our analysis of Ms. Hill's imputation of criminal conduct assertion did we address or even mention imputation of a matter incompatible with business, trade, profession, or office. *Id.*, ¶¶ 31-37, 420 P.3d at 743-44. Instead, we strictly and narrowly analyzed whether the statements imputed a criminal offense punishable by imprisonment or involving moral turpitude. *Id.* We concluded:

> The statements on which the complaint bases Ms. Hill's defamation per se claim contained no suggestion that Ms. Hill had engaged in conduct involving moral turpitude or conduct for which she could be imprisoned. The statements simply lacked the specificity required to be actionable as defamation per se.
>
> Because Ms. Hill's complaint failed to allege facts sufficient to state a claim for defamation per se, we uphold the district court's Rule 12(b)(6) dismissal.

*Id.*, ¶¶ 36-37, 420 P.3d at 744.

[¶21] In Jolley's summary judgment memorandum, which included Jolley's and Lewis's depositions as supporting exhibits, Jolley argued there was no evidence she made any of the false, derogatory statements. We have previously held that a movant meets her prima facie burden for summary judgment by showing a lack, or absence, of evidence by the non-moving, opposing party. *See Warwick v. Accessible Space, Inc.*, 2019 WY 89, ¶ 29, 448 P.3d 206, 215 (Wyo. 2019), and *Page v. Meyers*, 2021 WY 73, ¶ 15, 488 P.3d 923, 927 (Wyo. 2021) (citing *Burns v. Sam*, 2021 WY 10, ¶ 7, 479 P.3d 741, 744 (Wyo. 2021)). The burden, therefore, shifted to Lewis, as the party opposing summary judgment, to demonstrate with admissible and competent evidence that Jolley did in fact make the false, derogatory statements about him to a third party.

[¶22] We are required to view the record in the light most favorable to Lewis as the party opposing summary judgment. *Hamann v. Heart Mountain Irrigation Dist.*, 2025 WY 75, ¶ 23, 571 P.3d 1274, 1281 (Wyo. 2025) (citing *Tilden v. Jackson*, 2025 WY 57, ¶ 12, 568 P.3d 1197, 1202). The record, viewed in Lewis's favor, contains evidence to support his defamation per se allegation. Lewis directly challenged Jolley's assertion that no evidence exists to support his claim by responding to Jolley's summary judgment pleadings with admissible and competent evidence showing Jolley did make the false, derogatory statements about him to a third party. *Cf. Page v. Meyers*, ¶ 16, 488 P.3d at 927. Lewis disputed Jolley's assertion with Abby Bytheway's affidavit, an exhibit to *Plaintiff's Responses to Defendant's Rule 56.1 Statement of Material Facts Not In Dispute*, which stated in pertinent part:

2.    In July, 2022, Rebecca Francis [Jolley] approached me in Riverton, Wyoming and represented to me the following:

    A.    That Brian Lewis is a homosexual;
    B.    That Brian Lewis is a convicted felon;
    C.    That Brian Lewis poaches wildlife; and
    D.    That Brian Lewis is attracted to underage girls.

Lewis also attached Jolley's Deposition as an exhibit to that pleading, wherein Jolley admits to talking to Abby Bytheway at the Walmart in Riverton, Wyoming. Furthermore, Jolley admits in her *Rule 56.1 Statement of Material Facts Not In Dispute* that she knew Lewis had not been convicted of a felony.

[¶23]  Jolley asserts in her brief that she agrees with the district court's finding that Abby Bytheway's affidavit is mostly hearsay within hearsay, conjecture and speculation. In our de novo review we disagree. Abby Bytheway's affidavit contained admissible and competent evidence that Jolley made the false, derogatory statements about Lewis—namely that he was a convicted felon. Jolley's out-of-court statements to Abby Bytheway are not hearsay statements for two reasons. *See Sorum v. Sikorski*, 2024 WY 124, ¶ 21, 559 P.3d 153, 162 (Wyo. 2024) (citing *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Co.*, ¶ 58, 479 P.3d 1222, 1239 (Wyo. 2021)). A hearsay statement is admissible if it is excluded from the definition of hearsay or if it fits a recognized exception to the hearsay rule. *Id.*, ¶ 19, 559 P.3d at 161–62 (citing *Jontra Holdings*, ¶ 58, 479 P.3d at 1239); W.R.E. 801.

[¶24]  First, the Bytheway statement is not being offered to prove the truth of the matter asserted. W.R.E. 801(c). Instead, Lewis is offering the statement to support his defamation per se claim. More specifically, he is offering the statement because he asserts that Jolley made the statement and that the statement is false. Second, the alleged statements by Jolley are not hearsay, but instead are admissions of a party-opponent. "W.R.E. 801(d)(2)(A) provides that 'A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . his own statement, in either his individual or a representative capacity . . . .'" *Sorum*, ¶ 21, 559 P.3d at 162.

[¶25] Nor are Abby Bytheway's sworn averments conjecture or speculation. Abby Bytheway avers Jolley made the disputed statements to her during a specific time period—July of 2022; that Jolley made the statements to her in a specific place—Riverton, Wyoming; and that Jolley's statements were specific—that Lewis was a convicted felon, as well as a homosexual, a poacher, and a man attracted to underage girls. Abby Bytheway's averments are not speculation or conjecture but instead are definite and specific. Furthermore, Abby Bytheway's statements in her affidavit help Lewis establish his prima facie case for defamation per se:  1) that Jolley made a false and defamatory communication—that he was a convicted felon; and 2) Jolley made the unprivileged publication to Abby Bytheway; and (3) at the time of the publication Jolley knew the

communication was false. *See Thomas*, ¶ 49, 341 P.3d at 402 (citing Restatement (Second) of Torts § 558 (1977)).

[¶26] Thus, the record establishes that whether Jolley made the false, defamatory statements is in dispute, a situation where Jolley denies making the statements and Abby Bytheway avers she did make the statements. We will not weigh credibility on summary judgment. *See Ramirez*, ¶ 35, 466 P.3d at 294 (citing *Little Med. Creek Ranch, Inc.*, ¶ 40, 450 P.3d at 233). Only at trial, when witnesses are present and subject to cross-examination, can the credibility and weight of their testimony be appraised. *Little Med. Creek Ranch, Inc.*, ¶ 40, 450 P.3d at 233 (citing *White v. Wheeler*, ¶ 51 n.6, 406 P.3d 1241, 1256 n.6 (Wyo. 2017)). It is for the trier of fact to draw inferences from and weigh Jolley's testimony against that of Abby Bytheway or other witnesses. *Id.*

[¶27] Examining the record from the vantage point most favorable to Lewis and giving him the benefit of all favorable inferences as we must, we conclude the question of whether Jolley told third parties that Lewis is a convicted felon, amounting to defamation per se, is in dispute and must be resolved at trial.

## CONCLUSION

[¶28] Reviewing the record in Lewis's favor, we conclude a genuine issue of material fact precludes entry of summary judgment in favor of Jolley. We therefore reverse the district court's entry of summary judgment in favor of Jolley and remand the case to the district court for trial.