# THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 12

OCTOBER TERM, A.D. 2025

January 23, 2026

SLETTEN CONSTRUCTION OF
WYOMING, INC., a Wyoming for-profit
corporation,

Appellant
(Third-Party Plaintiff),

v.                                                                        S-25-0115

BIG HORN GLASS, INC.,

Appellee
(Third-Party Defendant).

---

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
   *Patrick T. Holscher of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.*

*Representing Appellee:*
   *Andrew J. Carafelli and Dino G. Moncecchi of Harris, Karstaedt, Jamison & Powers, P.C., Englewood, Colorado.*

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and HILL, JJ, and MCKAY, DJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]     Appellant, Sletten Construction of Wyoming, Inc. (Sletten), appeals from the district court's order granting summary judgment in favor of Appellee, Big Horn Glass, Inc. (BHG), on Sletten's third-party claims.  Sletten argues there are material questions of fact as to whether BHG could potentially be at fault for some of the damages claimed by the original plaintiff, Gunwerks, LLC (Gunwerks).  We affirm.

## ISSUE

[¶2]     Sletten presents one issue which we rephrase as: Did the district court err when it granted summary judgment in favor of BHG on Sletten's third-party complaint?

## FACTS

[¶3]     Gunwerks manufactures and sells high end firearms and related equipment.  Gunwerks wanted to expand its operations by building a new manufacturing facility in Cody, Wyoming (Cody facility).  Because public funds would be used to finance part of the construction, Gunwerks entered into an agreement with Forward Cody Wyoming, Inc. (Forward Cody), under which Forward Cody would apply for a Business Ready Community Grant and a Business Ready Community Loan, and the City of Cody would act as the "fiscal agent" for the project.  Gunwerks contributed real estate it owned to the project.  Forward Cody agreed to retain professionals to design and build the facility, which would then be leased to Gunwerks with an option to purchase the facility in the future.  Forward Cody retained the services of Plan One Architects and Sletten to design, build, and complete the Cody facility.  Sletten hired subcontractors, including BHG, to perform work on the Cody facility.   After the project was completed, Gunwerks claimed it discovered numerous defects in the Cody facility including: defects in concrete flooring; defects in concrete sidewalks; defects in the finishes provided; defects in the HVAC systems; defects in the installation of the metal siding; defects in drainage; defects in ceiling heights; defects in door and window flashings; and defects in the construction and design of the shooting tunnel.  Gunwerks sued Forward Cody, Plan One, and Sletten for breach of contract and breach of the covenant of good faith and fair dealing.

[¶4]     Sletten filed a third-party complaint against numerous subcontractors, including BHG.  Sletten claimed if judgment was rendered against it in favor of Gunwerks as a result of the conduct of these subcontractors, then these subcontractors were legally responsible for any damages caused by their acts, errors, or omissions.  Sletten sought damages from any subcontractor whose work was found to be deficient while not admitting, conceding, or alleging that any of the work performed by these subcontractors was deficient.

[¶5]     Approximately 10 months after Sletten filed the third-party complaint, BHG moved for summary judgment under Rule 56 of the Wyoming Rules of Civil Procedure

1

(W.R.C.P.). After a hearing, the district court granted BHG's motion. The district court found BHG made a prima facie showing that its work on the Cody facility did not cause Gunwerks's alleged damages, and "Sletten [had] not countered [BHG's] prima facie case with disputed facts." Instead, Sletten offered only speculation about how BHG might be liable. This appeal timely followed.

## STANDARD OF REVIEW

[¶6]   "Summary judgment is proper when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Leeks Canyon Ranch, LLC v. Jackson Hole Hereford Ranch, LLC*, 2025 WY 63, ¶ 17, 569 P.3d 1120, 1126 (Wyo. 2025) (quoting W.R.C.P. 56(a)).

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties.

*Id.*, 569 P.3d at 1126–27 (quoting *Leonhardt v. Big Horn Cnty. Sheriff's Off.*, 2024 WY 128, ¶ 16, 559 P.3d 1053, 1058 (Wyo. 2024)).

[¶7]   Summary judgment is governed by W.R.C.P. 56, which imposes obligations on the movant and nonmovant. *Lewis v. Francis*, 2025 WY 109, ¶ 11, 577 P.3d 433, 436 (Wyo. 2025). "When the movant 'does not have the ultimate burden of persuasion, it establishes a *prima facie* case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim.'" *Leonhardt*, 2024 WY 128, ¶ 17, 559 P.3d at 1059. "Once a movant [makes] a prima facie case showing that no genuine issue of material fact exists, the burden shifts to the party opposing the motion to present evidence showing that a genuine issue of material fact does exist." *Lewis*, ¶ 11, 577 P.3d at 436 (citing *Little Med. Creek Ranch, Inc. v. D'Elia*, 2019 WY 103, ¶ 14, 450 P.3d 222, 228 (Wyo. 2019)). The nonmovant must present competent evidence which would be admissible at trial. *Id.* at ¶ 12, 577 P.3d at 436 (citations omitted). The nonmovant "must present specific facts; relying on conclusory statements or mere opinion will not satisfy that burden, nor will relying solely upon allegations and pleadings." *Id.* (quoting *Little Med. Creek Ranch*, ¶ 14, 450 P.3d at 228). "'Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact' on any essential element." *Page v. Meyers*, 2021 WY 73, ¶ 11, 488 P.3d 923, 926 (Wyo. 2021) (quoting *Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 9, 148 P.3d 8, 13 (Wyo. 2006)).

2

## DISCUSSION

[¶8]    Sletten asserts the district court erred when it granted summary judgment because "[t]he evidence developed and presented in this matter shows that there are genuine issues of material fact supporting negligent construction work on the part of [BHG]." Sletten claims the evidence it offered from Gunwerks's experts, if allowed at trial, could allow the jury to determine BHG's work "caused or contributed" to the damages alleged by Gunwerks, making BHG liable on Sletten's third-party claims. Sletten argues W.R.C.P. 14 allows a defending party to bring a third-party claim against another party who "may be liable" for a portion of the damages, even if that claim has not yet accrued. Sletten also contends BHG's motion was "premature" because the "exploration of the facts alleged by Gunwerks remained very much in development" at the time summary judgment was granted.

### A. Did Sletten Meet its Burden of Showing There Are Genuine Issues of Material Fact?

[¶9]    This appeal requires the Court to discuss what a third-party plaintiff must show to defeat a summary judgment motion brought by a third-party defendant when the claims brought by the original plaintiff have not yet been resolved. Sletten asserts "a Rule 14 claim is proper even though [Sletten's] claim against [BHG] may not have accrued." Sletten contends Rule 14 does not even require a third-party plaintiff to allege with absolute certainty that the third-party defendant will be liable to them. As the nonmovant, Sletten asserts it met its burden of showing there are material questions of fact by citing evidence from Gunwerks's experts, which if admitted at trial and believed by the jury, could have allowed the jury to find BHG was liable for part of Gunwerks's damages.

[¶10]   Under W.R.C.P. 14(a)(1), a defending party, like Sletten, is allowed to file a complaint against a non-party "who is or may be liable to it for all or part of the claim against it." Sletten is correct that Rule 14 allows a defending party to "join someone against whom a cause of action has not yet accrued, provided that his claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined in the main action or plaintiff's claim is satisfied." *Fraley v. Worthington*, 64 F.R.D. 726, 728 (D. Wyo. 1974). However, that does not mean a third-party defendant is not entitled to challenge a third-party plaintiff's grounds for bringing such a contingent claim.

[¶11]   Summary judgment may be appropriate on a third-party claim. *See, e.g., Robertson v. TWP, Inc.*, 656 P.2d 547, 550–51 (Wyo. 1983) (affirming a grant of summary judgment where the third-party plaintiff failed to show the third-party defendant "was a proximate cause of the injuries to the plaintiffs with respect to whose claims indemnity was sought"); *IMC Chems., Inc. v. Niro, Inc.*, 95 F. Supp. 2d 1198, 1212 (D. Kan. 2000) (citing *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 274 (2d Cir. 1968) (stating F.R.C.P. 56

3

allows a third-party defendant to bring a motion for summary judgment "at any time after a pleading stating a claim is served upon him provided it clearly appears that no valid claim against him exists"); *see also* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d, §§ 1455, 1460 (Sept. 2025 Update) (recognizing a third-party defendant may challenge a claim under Rule 56). Once a summary judgment motion is filed, a third-party plaintiff is not "obliged to adopt" the original plaintiff's allegations of fault against the third-party defendant, but it is "required for purposes of opposing the motion for summary judgment to identify some evidence of fault by [the third-party defendant], even if it is evidence with which it otherwise ultimately and vigorously disagrees." *IMC Chems.*, 95 F. Supp. 2d at 1212–13.

[¶12] Sletten's third-party complaint alleged if judgment was rendered against it in favor of Gunwerks "as a result of the conduct or work of" BHG, then Sletten would be "entitled to an award of damages, including without limitation damages for breach of contract or implied indemnity,[1] for any damage or loss occasioned by the acts, errors, or omissions of" BHG. To succeed on its third-party claim, Sletten had the burden of proving the damages awarded to Gunwerks were the "result of the conduct or work of" BHG.

[¶13] In support of its summary judgment motion, BHG attached the report completed by Gunwerks's expert, SBSA, LLC, which detailed numerous alleged defects discovered during an inspection of the Cody facility (SBSA Report). Under its subcontract with Sletten, BHG was responsible for installing the windows in the Cody facility. Of the defects discussed in the SBSA report, BHG asserted the only allegedly defective work that could possibly fall within BHG's scope of work was: (1) "inadequate window base flashing with no positive slope"; (2) "finished installation and incomplete thermal isolation of EPS board"; and (3) "Fire door modified with glass." However, BHG showed it was not responsible for any of this work. The evidence attached to BHG's motion established that Sletten installed the windowsills, which the SBSA report claimed to have a negative slope, before BHG installed the windows. BHG also submitted evidence showing it was not responsible for installing the EPS board. Additionally, BHG presented evidence showing the fire doors were modified by a different subcontractor, ADH Montana.

[¶14] The supporting materials attached to BHG's motion showed none of the work Gunwerks alleged to be defective was performed by BHG. By showing a lack of evidence to support Sletten's third-party claim, BHG made a prima facie case showing that no genuine issue of material fact exists. *See Lewis*, 2025 WY 109, ¶ 21, 577 P.3d at 438–39 (citing *Warwick v. Accessible Space, Inc.*, 2019 WY 89, ¶ 29, 448 P.3d 206, 215 (Wyo. 2019); *Page*, 2021 WY 73, ¶ 15, 488 P.3d at 927) ("[A] movant meets [its] prima facie burden for summary judgment by showing a lack, or absence, of evidence by the non-

---

[1] BHG's subcontract with Sletten contains an express indemnity provision. In the subcontract, BHG agreed to indemnify Sletten from liability "caused by any negligent act or negligent omission" of BHG, its agents, officers, employees, or servants.

4

moving, opposing party"). The burden then shifted to Sletten to demonstrate "with admissible and competent evidence" that BHG's work was defective. *See id.*

[¶15] In response to BHG's motion, Sletten attached a portion of a report prepared by one of Gunwerks's experts, Stephen Boyd, who identified "water leaks" on the north side of the Cody facility that he believed "may have been a result of leaks from the windows." Sletten also attached an excerpt from Mr. Boyd's deposition in which he opined there were "multiple potential sources" of the water that was getting into the Cody facility, and it was possible the windows were "contributing" to this problem. In addition, Sletten attached an excerpt from the deposition testimony of another of Gunwerks's experts, Scott Johnson, who testified he observed several aluminum window frames that may have been dented during installation. Mr. Johnson did not offer an opinion regarding whether the dented window frames were contributing to the water intrusion.

[¶16] In its reply, BHG provided an affidavit from its expert, Peter Marxhausen, who described in detail the testing he performed at the Cody facility. He averred there were no signs of moisture intrusion at any of the windows. He also affirmatively stated the windows were properly installed and not the source of any water intrusion into the Cody facility.

[¶17] "We are required to view the record in the light most favorable to [Sletten] as the party opposing summary judgment." *Lewis*, 2025 WY 109, ¶ 22, 577 P.3d at 439 (citations omitted). Even when viewed in this light, the record is devoid of any evidence to support Sletten's third-party claim against BHG. In response to the competent and admissible evidence offered by BHG, Sletten offered only speculative and conclusory statements from Gunwerks's experts that the windows might be contributing to the water intrusion. It did not set forth specific facts in opposition to those provided by BHG. *See Lewis,* ¶ 12, 577 P.3d at 436 (citing *Little Med. Creek Ranch*, 2019 WY 103, ¶ 14, 450 P.3d at 228) ("The party opposing the motion must present specific facts[.]"). We have previously recognized speculative, conclusory expert testimony is inadequate to raise an issue of material fact. *See Blackmore v. Davis Oil Co.*, 671 P.2d 334, 336 (Wyo. 1983) (finding a conclusory affidavit from an expert was inadequate to raise an issue of material fact); *see also Bear Peak Res., LLC v. Peak Powder River Res., LLC*, 2017 WY 124, ¶ 20, 403 P.3d 1033, 1042–43 (Wyo. 2017) (citation omitted) (stating "conclusory statements, mere opinions, or categorical assertions of ultimate facts without supporting evidence are insufficient to establish some disputed issue of material fact"). Evidence relied on to "defeat a motion for summary judgment must be such as would be admissible at trial" and "should be as carefully tailored and professionally correct as any evidence which would be presented to the court at the time of trial." *Bear Peak Res.*, ¶ 20, 403 P.3d at 1042–43 (citation omitted). At best, the materials presented by Sletten raise an inference that the windows may be contributing to the water intrusion, which is directly contrary to the uncontroverted testimony provided by Mr. Marxhausen. "[A]n inference which is contrary to direct testimony is insufficient to support a finding that a genuine issue of material fact exists[,]"

5

and such an inference "cannot stand against uncontroverted testimony to the contrary." *Blackmore*, 671 P.2d at 337.

[¶18] Sletten was not obliged to adopt the alleged deficiencies set forth in the SBSA report, and it could have alleged BHG performed some other defective work. *IMC Chems.*, 95 F. Supp. 2d at 1212–13. Sletten did not identify any allegedly deficient work outside of the water leaks from the windows. For purposes of opposing BHG's summary judgment motion, Sletten was required to identify "some evidence of fault" by BHG, "even if it [was] evidence with which it otherwise ultimately and vigorously disagrees." *Id.* Sletten provided only speculative and conclusory statements regarding BHG's potential culpability. Sletten failed to show there is a genuine issue of material fact about whether BHG performed any of the allegedly defective work for which Sletten is seeking indemnity. Therefore, BHG is entitled to a grant of summary judgment. *See, e.g., Robertson*, 656 P.2d at 550–51.

## B. Did the District Court Err When It Granted Summary Judgment When Discovery was not Complete?

[¶19] Although not raised as a separate issue, Sletten repeatedly asserts the underlying facts "remained very much in development" at the time BHG filed its motion. Sletten implies summary judgment was "premature" and should not have been granted "with the factual development of the case remaining incomplete[.]"

[¶20] "Rule 56 does not require that discovery be completed prior to entry of summary judgment. Rather, there must have been adequate time allowed for discovery to be conducted." *Jacobson v. Cobbs*, 2007 WY 99, ¶ 14, 160 P.3d 654, 658 (Wyo. 2007). Rule 56(d) allows a nonmovant to ask the court to deny or defer consideration of a summary judgment motion or allow time for additional discovery when "facts essential to justify its opposition" are unavailable. W.R.C.P. 56(d) states:

> (d) *When Facts are Unavailable to the Nonmovant.* — If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> > (3) issue any other appropriate order.

We have not had much opportunity to interpret the requirements of this provision since it was amended in 2017. However, Rule 56 is almost identical to its federal counterpart, and

federal authority relative to this rule is highly persuasive. *Kimbley v. Green River*, 642 P.2d 443, 445 n. 3 (Wyo. 1982).

[¶21]   The Tenth Circuit has recognized Rule 56(d) of the Federal Rules of Civil Procedure (F.R.C.P.) "is not self-executing" and "[a] party must invoke it." *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1264 (10th Cir. 2020) (quoting *Jones v. Secord*, 684 F.3d 1, 6 (1st Cir. 2012)).  The protection provided by F.R.C.P. 56(d) "arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion." *Id.* (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1376 (10th Cir. 1988)).  "A nonmovant opposing a summary-judgment motion must either demonstrate a genuine dispute of material fact in a timely fashion or explain why it cannot pursuant to Rule 56(d)." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)) (citation modified).  A nonmovant who does not properly invoke the protections of F.R.C.P. 56(d) does so at "its peril." *Id.*

[¶22]   Like its federal counterpart, W.R.C.P. 56(d) is not self-executing.  It requires a party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" W.R.C.P. 56(d).  Sletten failed to comply with the mandates of W.R.C.P. 56(d).  Although it alleged discovery was ongoing, Sletten did not show "by affidavit or declaration" why it could not present essential facts in response to BHG's motion.   Further, although discovery may have been ongoing, the record demonstrates Sletten had adequate time to conduct discovery by the time BHG filed its motion.  BHG filed its summary judgment motion approximately 10 months after Sletten filed its third-party complaint and 21 months after Gunwerks filed its complaint.

[¶23]   Sletten failed to either demonstrate a genuine dispute of material fact in a timely fashion or explain why it could not do so pursuant to W.R.C.P. 56(d).  Therefore, the district court did not err when it granted summary judgment based on the evidence presented to it by the parties. *See Rocky Mountain Prestress*, 960 F.3d at 1264.

## CONCLUSION

[¶24]   Sletten failed to show with admissible and competent evidence that a genuine issue of material fact exists regarding its third-party claim against BHG.  Therefore, the district court properly granted summary judgment in favor of BHG.  Affirmed.